FILED

MAR 3 0 2020

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

**THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MISSOURI**

**SOUTHEASTERN DIVISION**

**Lucille Cassell**
**Kimberley Richardson**
**Megan Richardson**
**CBD Enterprises**

**Plaintiffs**

**v**

**Braco Manufacturing Company, Inc.**
**Jack Braha**

**Defendants**

1:20CV00066SNLJ

**CASE NO: ______________**

**AWARD: $10,065,500.00**

**JURY DEMAND**

## COMPLAINT

COMES NOW, Plaintiffs Lucille Cassell, Kimberley Richardson, Megan Richardson and CBD Enterprises jointly, hereby, brings the following Complaint against defendants Braco Manufacturing Company, Inc and Jack Braha in support thereof as follows:

### NATURE OF COMPLAINT

Baby diapers are complex products consisting of multiple layers of materials. The safety profile of a diaper is determined by the biological properties of individual components and the extent to which the baby is exposed to each component during use. Rigorous evaluation of the toxicological profile and realistic exposure conditions of each material is important to ensure the

overall safety of the diaper under normal and foreseeable use conditions. Quantitative risk assessment (QRA) principles may be applied to the safety assessment of diapers and similar products. Exposure to component materials is determined by (1) considering the conditions of product use, (2) the degree to which individual layers of the product are in contact with the skin during use, and (3) the extent to which some components may be extracted by urine and delivered to skin. This assessment of potential exposure is then combined with data from standard safety assessments of components to determine the margin of safety (MOS).

This is an action for a reserved judgment and injunctive relief regarding Breach of Contract in utilizing materials and products for profit which defendants consented, under written contract, not to perform. The gross negligence by Defendants in selling a 20 year old mass produced product worn by infants and without owner's permission, causing potential harm to Plaintiffs to the extent that they could be held liable for any damage this product may allegedly produce, Misappropriation of Likeness and Unjust Enrichment. Additionally, it underscores the negligence of Braco Manufacturing Company, Inc, by breaching their fiduciary duty in notifying Plaintiff of the most environmentally efficient way of disposing of potentially harmful products. Plaintiffs seek a reserved judgment and injunctive relief to prohibit any future sale of this potentially harmful product.

## JURISDICTION

1. Plaintiff brings this action for a reserved judgment pursuant to 28 U.S.C. §§ 2201 and 2202.
2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.
3. There is diversity and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.
4. Venue is proper in the Eastern District of Missouri, South Eastern Division pursuant to 28 U.S.C. § 1391(a) because one or more Plaintiffs resides in this District.

## PARTIES TO THE CASE

5. Plaintiff, Lucille Cassell, President of CBD Enterprises, with a principal residence at 705 S. Thorn Street, Charleston MO 63834, in Mississippi County.
6. Plaintiff, Kimberley Richardson, Vice President of CBD Enterprises, with a principal residence at 9023 Tarrington Lane, Franklin TN 37069, in Williamson County.
7. Plaintiff, Megan Richardson with a principal residence at 9023 Tarrington Lane, Franklin TN 37069 in Williamson County.
8. Plaintiff, CBD Enterprises, a Limited Liability Company under the laws of the State of Missouri, with its principal place of business located at 705 S. Thorn Street, Charleston MO 63834, in Mississippi County. At all times relevant, CBD Enterprises owned the right to produce and sell aforementioned diapers.
9. Defendant, Braco Manufacturing Company, Inc, is incorporated under the laws of the State of New Jersey, with its principal place of business located at 4301 New Brunswick Avenue, South Plainfield New Jersey 07080, in Middlesex County. At all times relevant, Braco Manufacturing Company, Inc. has claimed to offer high quality manufactured disposable products.
10. Defendant, Jack Braha, Owner of Braco Manufacturing Company, Inc. with his principal place of business located at 4301 New Brunswick Avenue, South Plainfield New Jersey 07080, in Middlesex County. At all times relevant, Jack Braha has executed contracts and made significant decisions concerning Braco Manufacturing Company, Inc.

## FACTUAL ALLEGATIONS

11. On or about April 21, 1995, Lucille Cassell of CBD Enterprises entered into a written contract with Braco Manufacturing Co., Inc.
12. Upon signing said contract, Braco Manufacturing Co., Inc. agreed to provision stipulating that they were not to disclose or utilize any materials or product owned by CBD

Enterprises. They were contracted to singularly manufacture disposable diapers per the specifications of CBD Enterprises. (See Exhibit B1)

13. On or about May 6, 1995, Braco Manufacturing Co., Inc. signed a service agreement which stipulated that should there be a design flaw contrary to the specifications of CBD Enterprises there would be a full refund. (See Exhibit B)

14. On or about August 28, 1998, Braco Manufacturing Co., Inc. was paid $29,440.00 to manufacture 1000 cases of diapers per the specifications of CBD Enterprises. (See Exhibit C- C2)

15. Unfortunately, the prototypes were received by Lucille Cassell and Kimberley Richardson and were found to not have been manufactured to their specifications. This rendered 500 cases of the 1000 contracted to manufacture, useless to CBD Enterprises. (See Exhibit D-D4)

16. On or about November 9, 1998, Braco Manufacturing Co., Inc. mailed correspondence to Lucille Cassell. Jack Braha acknowledged his mistake and further demanded CBD re-purchase the 500 cases of diapers with the funds in his possession. (See Exhibit E)

17. Braco Manufacturing Co., Inc. further demanded that Lucille Cassell repurchase the 500 cases of erroneously manufactured diapers and they decided to freeze the remaining funds of $9,450.20. (See Exhibit E)

18. The bad business practices exhibited by Braco Manufacturing Co., Inc. resulted in CBD Enterprises having no inventory to supply to its 42 retailers. CBD Enterprises, a small female owned business, eventually had to shut down its business as a direct result and lost all projected income. (See Exhibit F- F1)

19. On July 8, 2018, Ms. Ardella Wright purchased Fancy Bottom disposable diapers from Ken-Mo Flea Market and Auction in Caruthersville, Mo. The purchase totaled $18.00. (See Exhibit A)

20. The packaging on the purchased diapers was the original packaging procured by CBD Enterprises at the time the 500 cases were manufactured in 1998.

21. The packaging on the purchased diapers also detailed the address of CBD Enterprises which falsely implied that CBD Enterprises was directly selling the diapers.

22. Lucille Cassell and Kimberley Richardson were dismayed upon learning that these diapers were being sold after 20 years in a warehouse. Potentially making them liable for any bad or allergic reaction to these diapers.
23. Plaintiffs assert that their claim of unjust enrichment falls within the NJ Rev Stat § 2A:14-1 (2015) Statute of Limitations.
24. Plaintiffs assert that per NJ Rev Stat § 12A:2-725 (2013) their claim of Breach of Contract falls within the Statute of Limitation.
25. In addition, the packaging on the diapers had the likeness of Megan Richardson, whom is now an adult, without her expressed consent for using her likeness. (See Exhibit H)
26. Plaintiffs assert in Faber v, Condecor, Inc., 477 A.2d 1289, 195 N.J. Super.81 (App. Div. 1984), the Appellate Division of the Superior Court of New Jersey held that the unauthorized use of a family photo to sell picture frames constituted use for trade purposes, and therefore gave rise to an appropriation claim. A recent unpublished opinion by the same court, Jeffries v. Whitney E. Houston. P.T.A., A-1888-08T3, 2009 WL 2136174 (N.J. Super. Ct. App. Div. July 20, 2009), interpreted Faber to require four elements for an appropriation claim:
    1) The defendant appropriated the plaintiff's likeness,
    2) Without the plaintiff's consent
    3) For the defendant's use or benefit, and
    4) damage

**COUNT I- BREACH OF CONTRACT**
**28 U.S. Code § 1332. DIVERSITY OF CITIZENSHIP**
**NEW JERSEY CIVIL STATUTE 2A:14-1**

27. Plaintiff realleges paragraphs 1 through 26 as though fully set forth herein.
28. Commencing in 2018, each Defendant, jointly and severally, participated in and continues to participate in Breach of the Contract executed on April 21, 1995.
29. Plaintiffs assert the contract was valid.

30. Plaintiffs assert that all parties had capacity.
31. Plaintiffs assert there was a mutual agreement to manufacture 1000 cases of disposable. diapers upon receipt of valid consideration in the amount of $29, 440.00
32. Plaintiffs assert they tendered performance.
33. Plaintiffs assert Defendants failed to perform their duties.
34. Plaintiffs assert that Defendants non performance has subjected them to liability and potential litigation.
35. The failure to give actual notice to plaintiff results in an unlawful taking of property.
36. Defendants actions has deprived Plaintiff of property which has resulted in loss of actual and projected income.

**COUNT II- GROSS NEGLIGENCE**
**28 U.S. Code § 1332. DIVERSITY OF CITIZENSHIP**
**NEW JERSEY REVISED CIVIL STATUTE 2A:62A-9**

37. Plaintiffs reallege paragraphs 1 through 36 as though fully set forth herein.
38. Plaintiffs have an actual present, adverse, and antagonistic interest in the subject matter of this action.
39. Plaintiffs assert that the interstate public sale of these disposable diapers without an appropriate quality assurance assessment constituted recklessness.
40. Plaintiffs assert that the interstate public sale of these disposable diapers without a disclaimer informing the public they were being sold by the manufacturer and not CBD Enterprises constitutes wantonness and fraud.
41. Plaintiffs assert that the repeated interstate public sale of these disposable diapers constitutes willfulness to commit gross negligence.
42. Plaintiffs assert that the interstate public sale of these diapers without a disclaimer informing the consumer they were 20 years of age constitutes wanton recklessness, willfulness and fraud.

**COUNT III – BREACH OF FIDUCIARY DUTY (vs. Braco Manufacturing Co., Inc.)**

43. Plaintiff realleges paragraphs 1 through 42 as if fully set forth herein.
44. This is a count for breach of fiduciary duty.
45. Plaintiffs assert that as inventors, they entrusted their secret idea to Braco Management Co., Inc. under an arrangement whereby Braco Management., Inc. agreed to manufacture the idea in return for payment. There arises a fiduciary relationship between the parties.
46. As set forth above, pursuant to the April 1995 Agreement, Plaintiffs gave Braco Manufacturing., Inc. the exclusive right to manufacture their product.
47. Defendants have repeatedly breached its fiduciary duties to Plaintiffs denying gross sales of a product previously paid for by Plaintiffs.
48. Defendants have repeatedly breached its fiduciary duties to Plaintiffs in disregarding their duty of care by putting Plaintiffs 20 year old diapers into the marketplace with their name on the product.
49. Defendants have acted intentionally, willfully, maliciously, and in bad faith in its self-dealing at Plaintiffs' expense.
50. Plaintiffs have been damaged as a result of Defendants breach of its fiduciary duties owed to them.

**COUNT IV - UNJUST ENRICHMENT**

51. Plaintiff realleges paragraphs 1 through 50 as though fully set forth herein.
52. Plaintiff asserts the Defendants utilized its contractual right to manufacture to self deal and place the product in the marketplace themselves.
53. On information and belief Defendants have generated a revenue in excess of 50,000 in the sales of Plaintiffs products.
54. Defendants have unjustifiably and inequitably failed to compensate Plaintiffs for their product and likeness.
55. Defendants each individually and collectively unjustly benefitted from the sale of

Plaintiffs property.

56. It would be inequitable for the Defendants to retain such benefits without providing fair compensation to the Plaintiff.

## COUNT V – MISAPPROPRIATION OF LIKENESS

57. Plaintiff realleges paragraphs 1 through 56 as though fully set forth herein.
58. Plaintiff asserts the Defendants utilized the identity of Fancy Bottoms disposable diapers.
59. Plaintiff asserts the Defendants utilized the likeness of Megan Richardson.
60. Plaintiff asserts the Defendants utilized Plaintiffs name and likeness to their own advantage.
61. Plaintiffs assert that there was no signed written release to utilize their name and likeness.
62. Plaintiffs assert that the utilization of their name and likeness could be potentially damaging to the reputation of CBD Enterprises and Megan Richardson.

WHEREFORE, for the reasons set forth herein, Plaintiff requests that this Court award the following relief:

(a) Grant Plaintiffs Compensatory Damages in the amount of $65,500.00

(b) Grant Plaintiffs Punitive Damages in the amount of $10,000,000

(c) Grant Plaintiffs all court costs and court related fees

(d) Grant Plaintiffs any and all other and/or further relief allowed by law and/or which this Court deems just and proper.

Respectfully submitted this 26th day of March, 2020

By: /s/ Lucille Cassell
Lucille Cassell, Pro Se
705 S. Thorn Street
Charleston, Missouri 63834
(573) 472-0722

By: /s/ Kimberley Richardson
Kimberley Richardson, Pro Se
9023 Tarrington Lane
Franklin, TN 37069
(615) 810-6555

By: /s/ Megan Richardson
Megan Richardson, Pro Se
9023 Tarrington Lane
Franklin, TN 37069
(615) 810-6555

By: /s/ CBD Enterprises
CBD Enterprises
705 S. Thorn Street
Charleston, Missouri 63834
(573) 472-0722

## VERIFICATION

I, Lucille Cassell, having been duly sworn, under penalty of perjury, deposes and says that I am over the age of eighteen (18) and mentally competent to testify in this matter. I hereby certify that the facts set forth regarding all matters stated in the above paragraphs are true and correct. I have read the foregoing pleading, the facts stated therein are from first-hand knowledge and are true and correct to the best of my knowledge and belief.

This 26th day of March, 2020

/S/ Lucille Cassell
Lucille Cassell, Pro Se

**VERIFICATION**

I, Kimberley Richardson, having been duly sworn, under penalty of perjury, deposes and says that I am over the age of eighteen (18) and mentally competent to testify in this matter. I hereby, certify that the facts set forth regarding all matters stated in the above paragraphs are true and correct. I have read the foregoing pleading, the facts stated therein are from first-hand knowledge and are true and correct to the best of my knowledge and belief.

This 26th day of March, 2020

/S/ Kimberley Richardson
Kimberley Richardson, Pro Se

**VERIFICATION**

I, Megan Richardson, having been duly sworn, under penalty of perjury, deposes and says that I am over the age of eighteen (18) and mentally competent to testify in this matter. I hereby, certify that the facts set forth regarding all matters stated in the above paragraphs are true and correct. I have read the foregoing pleading, the facts stated therein are from first-hand knowledge and are true and correct to the best of my knowledge and belief.

This 26th day of March, 2020

/S/ Megan Richardson
Megan Richardson, Pro Se