UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LUCILLE CASSEL, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-66-SNLJ |
| | ) |
| BRACO MANUFACTURING | ) |
| COMPANY, INC., et al., | ) |
| | ) |
| Defendants | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a complaint filed by Lucille Cassell, Kimberley Richardson, Megan Richardson, and CBD Enterprises.

Plaintiffs filed the five-count complaint against defendants Braco Manufacturing Company, Inc. and its owner, Jack Braha. Lucille Cassell identifies herself as the President of CBD Enterprises, Kimberley Richardson identifies herself as the Vice President of CBD Enterprises, and Megan Richardson identifies herself using her address. None of the individual plaintiffs identify themselves as licensed attorneys. Plaintiff CBD Enterprises identifies itself as a Limited Liability Company under the laws of the State of Missouri.

Plaintiffs' claims stem from a contract pursuant to which Braco Manufacturing was to manufacture a product for CBD Enterprises, and Braco Manufacturing's later use of CBD Enterprises's packaging and identifying information, along with Richardson's likeness. Count I of the complaint asserts a claim of breach of contract, Count II asserts a claim of gross negligence, Count III asserts a claim of breach of fiduciary duty, Count IV asserts a claim of unjust enrichment, and Count V asserts a claim of misappropriation of likeness. Plaintiffs seek $10,065,500 in damages.

No plaintiff is represented by counsel. While federal law authorizes an individual person to plead and conduct her own case personally, 28 U.S.C. § 1654, it is well-settled that a

corporation, like plaintiff CBD Enterprises herein, may appear in federal court only through licensed counsel. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (recognizing that it has been established law "for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel"); *see also Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001) (finding the entry of default proper where corporate defendant "failed to engage counsel admitted to practice before the district court"). Because it appears the individual plaintiffs are non-lawyers, they cannot represent CBD Enterprises in federal court. *See Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) (a non-lawyer has no right to represent another entity in federal court).

Accordingly,

**IT IS HEREBY ORDERED** that the corporate plaintiff may not proceed pro se and that the case will be dismissed against the corporate plaintiff if licensed counsel does not enter an appearance on behalf of the corporate plaintiff within 30 days.

Dated this 6th day of April, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE