UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LUCILLE CASSELL, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 1:20-cv-66-SNLJ |
| BRACO MANUFACTURING CO., INC., et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., *Moore's Federal Practice* § 102.31 (3d ed. 2010).

The Complaint in this case asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000. However, plaintiffs allege the "principal residence" for the individual plaintiffs, not the plaintiffs' citizenship. That is

1

insufficient for purposes of determining whether diversity jurisdiction exists. *See Reece v. Bank of New York Mellon*, 760 F.3d 771, 777-78 (8th Cir. 2014).

In addition, plaintiffs include a Limited Liability Company ("LLC"). The Eighth Circuit has held that unincorporated entities such as LLCs are citizens of every state of which any member is a citizen. *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Thus, for plaintiff CBD Enterprises, LLC, the Court must examine the citizenship of each member of the LLC to determine whether diversity jurisdiction exists. The Complaint alleges only that the LLC was created under the laws of Missouri and that its principal place of business is in Missouri. The information plaintiff provides is insufficient for the Court to examine the citizenship of each member of plaintiff CBD Enterprises. Furthermore, this Court is required to examine the parties for any potential conflicts of interest that the undersigned might possess. See 28 U.S.C. § 455.

Accordingly,

**IT IS HEREBY ORDERED** that, by May 14, 2021, plaintiff shall file an amended complaint in accordance with this memorandum.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this order, this matter will be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

Dated this   22nd   day of April, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE