**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| **LUCILLE CASSELL, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 1:20-cv-66-SNLJ |
| ) | |
| **BRACO MANUFACTURING CO.,** ) | |
| **INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM AND ORDER

Plaintiffs filed this matter against defendants on claims of breach of contract, negligence, breach of fiduciary duty, unjust enrichment, and misappropriation of likeness related to the manufacture of diapers.  Plaintiffs, which include individuals and a corporate entity, were initially pro se, and this Court ordered them to obtain counsel for the corporate plaintiff because a corporate entity cannot represent itself.  [Doc. 3.] Plaintiffs secured counsel.  [Doc. 11.]  On April 22, 2021, this Court ordered plaintiffs to file by May 14 an amended complaint that sufficiently alleged the parties' citizenship for purposes of determining whether diversity jurisdiction existed.  [Doc. 28.]  Plaintiffs did not do so, so this Court dismissed the matter on September 1, 2021.  On March 17, 2022, plaintiffs attempted to file an amended complaint in this case despite the fact that the case had been closed for six months.  Notably, the amended complaint was substantially identical to the original, insufficiently pleaded complaint, as it did not change the

1

allegations regarding the parties' citizenship.  This Court thus struck the improperly filed complaint from the record.  [Doc. 32.]

On April 6, 2022, the plaintiffs—this time not acting through an attorney—filed a "motion to reopen."  [Doc. 33.]  Plaintiffs advise that the case was dismissed "due to attorney misconduct, specifically, neglecting to file an amended complaint" per the April 22 order. They request reopening of the case pursuant to Federal Rule of Civil Procedure 60(b)(6) and time to attain a new attorney.

Rule 60(b) allows the Court to relieve a party from an order due to "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) and (6).  A motion under Rule 60(b) must be made within a reasonable time and no later than a year after the entry of the order in question.  Fed. R. Civ. P. 60(c).  Plaintiffs here filed their motion less than one year after the order of dismissal from which they seek relief.  Although their attorney has not withdrawn his appearance in this case, plaintiffs say they wish to find another attorney who will abide by court orders and deadlines."  [Doc. 33 at 1.]  Notably, the defendants in this case have not responded in opposition to plaintiffs' motion to reopen the case.  Although the circumstances here are unusual, the Court is inclined to grant the motion.  Although it appears plaintiffs are aware that they must seek new counsel, plaintiffs are reminded that they must proceed with counsel for the corporate entity.

2

Accordingly,

**IT IS HEREBY ORDERED** that the motion to reopen [Doc. 33] is GRANTED.

**IT IS FURTHER ORDERED** that plaintiffs must file an amended complaint in accordance with this Court's April 22, 2021 order [Doc. 28] no later than July 15, 2022.

**IT IS FURTHER ORDERED** if plaintiffs do not file an amended complaint by the July 15, 2022 deadline, this order will be rescinded and the matter will again be closed.

Dated this  19th  day of May, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE